UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                          ORDER
                                            Crim. No. 05-263

Cordova Jamal Lynch,

       Defendant.

_____

       Andrew Dunne, Assistant United States Attorney for and on behalf of the United States of America.

       Albert T. Goins, Sr. and Rick L. Petry, Goins Law Offices, Ltd. for and on behalf of Defendant.

_____

       The Defendant has entered into a Plea Agreement in this case.  Pursuant to that Agreement, the Defendant entered a plea of guilty to Count 1 of the Indictment which charged him with Possession with Intent to Distribute Cocaine, in violation of Title 21 U.S.C. § 841(a)(1), (b)(1)(C).  For purposes of sentencing, the parties dispute whether or not the Defendant is a career offender as defined by the United States Sentencing Guidelines ("U.S.S.G.").

       The U.S.S.G. § 4B1.1 defines a career offender as follows:

       1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; 2) the instant offense of

conviction is a felony that is either a crime of violence or a controlled substance offense; and 3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance.

There is no dispute that the first two requirements are met.  The Defendant argues, however, that for purposes of the career offender definition, he does not have two prior felonies that are either a crime of violence or a controlled substance offense.

In April and July, 1988, the Defendant was charged by two complaints with second degree assault and damage to property.  The offense conduct described in the April 1988 Complaint concerned an incident that occurred at 6:00 p.m. on March 15, 1988, in which the Defendant and a juvenile male, in separate cars, tried to block a third car containing two persons, and that the Defendant fired shots at the victim's car.   The offense conduct described in the July 1988 Complaint is similar to the conduct charged in the April Complaint, but took place in a different location, a different day, March 14, 1988, and involved three different victims.  The Defendant also fired shots at the victim's car, but no one was hit.

With respect to the charges of second degree assault that took place on March 15, 1988, the Defendant went to trial and was found guilty by a jury on all counts; two charges of second degree assault and one charge of damage to property in the first degree.  During this trial, the prosecution presented evidence

to the jury concerning the March 14, 1988 assaults pursuant to <u>State v. Spreigl</u>, 272 Minn. 488, 139 N.W.2d 167 (1965).  On October 7, 1988, the Defendant was sentenced to 60 months on count one, and 60 months on count two, to be served consecutively.

With respect to the charges concerning the March 14, 1988 incident, the Defendant entered into a plea agreement, in which the Defendant pleaded guilty to one count of second degree assault, with the remaining counts to be dismissed at sentencing.  On December 16, 1988, the Defendant was sentenced to a term of thirty-six months, to be served consecutive to the previously imposed 120 month sentence.

Defendant argues that these two prior convictions are related and could have been included in the same charging document, but for prosecutorial discretion not to do so.  He argues that for purposes of the career offender designation, these prior convictions should be counted as one.

The Guidelines provide that prior convictions are counted separately if such convictions are counted separately under Section 4A1.1.  Prior sentences imposed in related cases, however, are treated as one sentence.  Section 4A1.2(a)(2).  The Application Notes provide that prior sentences are related "if they result from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing."

Section 4A1.2, Application Note 3.

The Eighth Circuit has held that when, as here, prior convictions were not formally consolidated for trial or sentencing, they must be treated separately for purposes of career offender designations. United States v. Paden, 330 F.3d 1066, 1067 (8th Cir. 2004). Further, prior offenses are not to be considered part of a common scheme or plan, even though such offenses are similar, where different victims are involved, the offenses occurred at different time and at different places. United States v. Mills, 375 F.3d 689, 693 (8th Cir. 2004). In this case, the prior offenses occurred on different days, at different locations and involved different victims. It is thus clear that Defendant falls within the Guideline definition of career offender.

The Defendant further argues that as Paden and Mills were issued prior to the decision of the United States Supreme Court in Booker v. United States, 543 U.S. 220 (2005), this Court need not sentence the Defendant as a career offender. While the guidelines are now considered advisory, the Court is nonetheless required to take into account the applicable Guideline range and the pertinent Sentencing Commission policy statements. As long as the sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a), this Court may sentence the Defendant as a career offender. See, United States v. Davidson, 437 F.3d 737 (8th Cir. 2006)(district court did not err in finding the defendant to be a career

offender, the sentence was affirmed as defendant failed to rebut the resumption of reasonableness).

The Court thus finds that for purposes of sentencing, the Defendant is a career offender as defined in the Sentencing Guidelines.

Date: June 21, 2006

s / Michael J. Davis  
Michael J. Davis  
United States District Court